*RAILROAD COMMISSION OF OHIO v. ANN ARBOR RY.

1. STATE RAILROAD COMMISSION LIMITED TO CONSIDERATION OF INTRASTATE COMMERCE ONLY.

The state railroad commission under act 98 O. L. 342, instituting and prescribing the powers and duties thereof, cannot prescribe rules or assume powers not conferred by the act; and in the construction of the act it may be assumed that the general assembly sought to avoid constitutional infirmity in its provisions and intended to limit its provisions to state jurisdiction.

2. TERMINAL FACILITIES OF CARS USED IN INTERSTATE COMMERCE HELD NOT WITHIN THE POWERS OF STATE RAILROAD COMMISSION.

Section 2a of act 98 O. L. 342, limiting its application to state commerce comprehends both transportation and terminal service; the character of the property to be moved is the test in both classes; hence, it does not apply to either transportation or terminal facilities in the shipment of interstate commerce.

ERROR to Franklin common pleas court.

**U. G. Denman,** Atty. Gen., **F. T. Eagleson** and **John Horst,** for plaintiff:

The power of the state to legislate with respect to its internal affairs; this includes the power to regulate a multitude of things incidental to interstate commerce and connected therewith. It has such authority by virtue of its police power. *Cooley* v. *Philadelphia (Bd. of Wardens),* 53 U. S. (12 How.) 299 [13 L. Ed. 996]; *Mobile Co.* v. *Kimball,* 102 U. S. 691 [26 L. Ed. 238]; *Louisville & N. Ry.* v. *Kentucky,* 161 U. S. 677 [18 Sup. Ct. Rep. 523; 40 L. Ed. 849]; *Erb* v. *Morasch,* 177 U. S. 584 [20 Sup. Ct. Rep. 819; 44 L. Ed. 897]; *Chicago, B. & Q. Ry.* v. *Cutts,* 94 U. S. 155 [24 L. Ed. 94]; *Hennington* v. *Georgia,* 163 U. S. 299 [16 Sup. Ct. Rep. 1086; 41 L. Ed. 166]; *Pennsylvania Ry.* v. *Hughes,* 191 U. S. 477 [24 Sup. Ct. Rep. 132; 48 L. Ed. 268]; *Richmond & A. Ry.* v. *Tobacco Co.* 169 U. S. 311 [18 Sup. Ct. Rep. 335; 42 L. Ed. 759]; *Wisconsin, M. & P. Ry.* v. *Jacobson,* 179 U. S. 287 [21 Sup. Ct. Rep. 115; 45 L. Ed. 194]; *Chicago, M. & St. P. Ry.* v. *Solan,* 169 U. S. 133 [18 Sup. Ct. Rep. 289; 42 L. Ed. 688]; *Cleveland, C. C. & St. L. Ry.* v. *Illinois,* 177 U. S. 514 [20 Sup. Ct. Rep. 722; 44 L. Ed. 868]; *Hooper* v. *California,* 155 U. S. 648 [15 Sup. Ct.

---

*Affirmed, no op., *Railroad Commission* v. *Railway,* 55 Bull. 423; 83 O. S. 000; affirming *Ann Arbor Ry.* v. *Railroad Commission,* 19 Dec. 691.

Rep. 207; 39 L. Ed. 297]; *Williams* v. *Fears*, 179 U. S. 270 [21 Sup. Ct. Rep. 128; 45 L. Ed. 186]; *New York* v. *Knight*, 192 U. S. 21 [24 Sup. Ct. Rep. 202; 48 L. Ed. 325]; *Hopkins* v. *United States*, 171 U. S. 578 [19 Sup. Ct. Rep. 40; 43 L. Ed. 290]; *Bagg* v. *Railway*, 109 N. C. 279 [14 S. E. Rep. 79; 14 L. R. A. 596; 26 Am. St. Rep. 569]; *Atlantic Coast Line Ry.* v. *Commonwealth*, 102 Va. 599 [46 S. E. Rep. 911]; *Fitch* v. *Livingston*, 7 How. Pr. 410; *Missouri. Pac. Ry.* v. *Flour Mills Co.* 211 U. S. 612; *Fairbank* v. *United States*, 181 U. S. 283 [21 Sup. Ct. Rep. 648; 45 L. Ed. 862].

The railroad commission of Ohio is a body authorized by law to regulate railroads within the state. This includes power to make regulations affecting both intrastate and interstate carriers. While it cannot regulate interstate commerce it may make orders affecting interstate carriers and control local services, although such services may be connected with interstate commerce. *Stone* v. *Loan & Trust Co.* 116 U. S. 307 [6 Sup. Ct. Rep. 334, 348, 349, 388, 391, 1191; 29 L. Ed. 636]; *State* v. *Terminal Co.* 41 Fla. 377 [27 So. Rep. 225]; *Stone* v. *Railway*, 62 Miss. 607 [52 Am. Rep. 193]; *Chicago, B. & Q. Ry.* v. *Dey*, 38 Fed. Rep. 656; *State* v. *Railway*, 40 Minn. 353 [42 N. W. Rep. 21]; *Minneapolis & St. L. Ry.* v. *Railroad & Warehouse Commission*, 44 Minn. 336 [46 N. W. Rep. 559]; *Railroad Commissioners* v. *Railway*, 17 Ore. 65 [19 Pac. Rep. 702; 2 L. R. A. 195]; *State* v. *Railway*, 86 Iowa 641 [53 N. W. Rep. 323]; *New London Northern Ry.* v. *Railway*, 102 Mass. 386; *State* v. *Railway*, 22 Neb. 313 [35 N. W. Rep. 118]; *People* v. *Railway*, 104 N. Y. 58 [9 N. E. Rep. 856; 58 Am. Rep. 484]; *Burlington, C. R. & N. Ry.* v. *Dey*, 82 Iowa 312 [48 N. W. Rep. 98; 12 L. R. A. 436; 31 Am. St. Rep. 477]; *Chicago Ry.* v. *Jones*, 149 Ill. 361 [37 N. E. Rep. 247; 24 L. R. A. 141; 41 Am. St. Rep. 278]; *Chicago, B. & Q. Ry.* v. *Cutts*, 94 U. S. 155 [24 L. Ed. 94]; *Ruggles* v. *Illinois*, 108 U. S. 526 [2 Sup. Ct. Rep. 832; 27 L. Ed. 812]; *Stone* v. *Railway*, 116 U. S. 352 [6 Sup. Ct. Rep. 349, 391; 29 L. Ed. 651]; *Chicago & N. W. Ry.* v. *Dey*, 35 Fed. Rep. 866; *McWhorter* v. *Railway*, 24 Fla. 417 [5 So. Rep. 129; 2 L. R. A. 504; 12 Am. St. Rep. 220]; *Storrs* v. *Railway*, 29 Fla. 617 [11 So. Rep. 226]; *State* v. *Railway*, 38 Minn. 281 [37 N. W. Rep. 782]; *Southern Pacific Co.* v. *Railroad Commissioners*, 78 Fed. Rep. 236; *State* v. *Railway*, 19 Neb. 476 [27 N. W. Rep. 434]; *Railroad Commissioners* v. *Railway*, 63 Me. 269 [18 Am. Rep. 208]; *State* v. *Railway*, 87 Iowa 644 [54 N. W. Rep. 461]; *Stone* v. *Loan & Trust Co.* 116 U. S. 307 [6 Sup. Ct. Rep. 334, 348, 349, 388, 391, 1191; 29 L. Ed. 636]; *Westbrook's Appeal*, 57 Conn. 95 [17 Atl. Rep.

Railroad Commission v. Railway.

368]; Fairfield's Appeal, 57 Conn. 167 [17 Atl. Rep. 764]; *Union Terminal Ry.* v. *Railroad Commissioners*, 54 Kan. 352 [38 Pac. Rep. 290]; *State* v. *Railway*, 104 Ga. 437 [30 S. E. Rep. 891]; *Jacobson* v. *Railway*, 71 Minn. 519 [74 N. W. Rep. 893; 40 L. R. A. 389; 70 Am. St. Rep. 358]; *Chicago, M. & St. P. Ry.* v. *Becker*, 32 Fed. Rep. 849; *Charlotte, C. & A. Ry.* v. *Gibbes*, 142 U. S. 386 [12 Sup. Ct. Rep. 255; 35 L. Ed. 1051]; *Reagan* v. *Loan & Trust Co.* 154 U. S. 361 [14 Sup. Ct. Rep. 1047; 38 L. Ed. 1014].

Demurrage is not interstate commerce. It is a local, charge, independently paid for, and is not a part of the published tariff rate. *Coe* v. *Errol*, 116 U. S. 517 [6 Sup. Ct. Rep. 475; 29 L. Ed. 715]; *Interstate Commerce Commission* v. *Railway*, 167 U. S. 633 [17 Sup. Ct. Rep. 986; 42 L. Ed. 306]; *Diamond Match Co.* v. *Ontonagon*, 188 U. S. 82 [23 Sup. Ct. Rep. 266; 47 L. Ed. 394]; *Gulf, C. & S. F. Ry.* v. *Texas*, 204 U. S. 403 [27 Sup. Ct. Rep. 360; 51 L. Ed. 540]; *Steamer Daniel Ball* v. *United States*, 77 U. S. (10 Wall.) 557 [19 L. Ed. 999]; *Kelley* v. *Rhoads*, 188 U. S. 1 [23 Sup. Ct. Rep. 259; 47 L. Ed. 359]; *Brown* v. *Houston*, 114 U. S. 622 [5 Sup. Ct. Rep. 1091; 29 L. Ed. 257]; *United States* v. *Boyer*, 85 Fed. Rep. 425; *Atlantic Coast Line Ry.* v. *Corporation Commission*, 206 U. S. 1 [27 Sup. Ct. Rep. 585; 51 L. Ed. 933].

Even if the interstate commerce act can be construed to give the interstate commerce commission authority to make car service rules, said commission has not acted with relation thereto, and the power has not been withdrawn from the state. *Missouri Pac. Ry.* v. *Flour Mills Co.* 211 U. S. 612.

**Wilson, Wilson & West** and **F. A. Durban,** for defendant.

**ALLREAD, J.**

The action in the court below was brought by a number of railroad companies located in this state and engaged in state and interstate transportation, against the railroad commission of the state, to enjoin it from enforcing certain rules and regulations affecting car service and demurrage.

The case was submitted to the court below upon demurrer to the second cause of action. The first cause of action, which challenged the reasonableness of the rules, was not presented; and no question is made, so far as the second cause of action is concerned, as to the reasonableness of the rules, but only as to the power of the state commission to promulgate and enforce them.

Franklin County.

The court of common pleas, *Ann Arbor Ry. v. Railway Commission,* 19 Dec. 691 (8 N. S. 233), held the rules valid except as affecting cars employed in interstate commerce. And a permanent injunction was only allowed to prevent their enforcement to that extent.

The railroad commission prosecute error to this court to reverse so much of the judgment as enjoined the enforcement of its rules to the extent above stated.

The principal argument of counsel is directed to the effect of the "commerce clause" of the national constitution, delegating to congress the power to regulate commerce among the states. In this connection it may be remarked that this clause has been the subject of repeated adjudications by the Supreme Court of the United States. But, notwithstanding all that has been expressed, the line of demarcation between federal and state jurisdiction is not clearly established, and the power to regulate terminal facilities and car service lies within the area of doubt and dispute. But aside from the constitutional question is one raised by counsel in the case as to the construction of the state railroad commission act, 98 O. L. 342. It is apparent that the state railroad commission has only such powers as the act creating it confers. It cannot prescribe rules or assume powers not conferred by the act. We may, therefore, properly inquire what power is conferred or assumed to be conferred by the state act in relation to car service rules and charges as affecting interstate shipments.

In the construction of the act it may be assumed that the state legislature sought to avoid any constitutional infirmity in the provisions of the act and intended to keep safely within the limits of state jurisdiction.

The act itself carries this legislative construction in Sec. 2a, that "The provisions of this act shall apply to the transportation of passengers and property between points within this state, and to the receiving, switching, delivering, storing and handling of such property, and to all charges connected therewith, including icing charges and mileage charges."

It is contended by the attorney-general that the limitation of the application of the act to state commerce refers only to the transportation and not to local or terminal facilities. But it will be observed that the limitation of the scope of the act to property involved in state commerce applies not only to transportation of property but to the terminal service of such property as well. The character of the property to be moved is made the test in both classes of service. If the

Railroad Commission v. Railway.

property moves in state commerce, the act applies both as to actual transportation and as to receiving, switching, delivering, storing, handling, and all charges connected therewith. But the act does not assume to apply as to either transportation or terminal facilities if the property which is the subject of shipment moves in interstate commerce.

It is also contended by the attorney-general that Sec. 3 of the act relating to discrimination and rates is general in terms and applies to all railroads, regardless of the nature and character of the property transported. We are of the opinion, however, that the legislative construction in Sec. 2a underlies the whole act and is the limitation of its scope. The subject-matter of Sec. 3 is the charge for transportation of passengers and property as well as the terminal facilities. Now, the terms employed in Sec. 3 have been construed and applied in Sec. 2a to intrastate shipments and it necessarily follows that the use of these terms in Sec. 3 or any other section in the act, unless a contrary intention appears, must follow the definition and application of the preceding section. This is confirmed by the language employed in Sec. 24, prescribing the penalties.

It is not necessary to express an opinion as to whether the requirements of Secs. 4, 10a and 12 of the act fall wholly within the legislative construction prescribed in Sec. 2a relating to transportation and terminal facilities.

The act under consideration in Sec. 21 gives the state commission power to investigate freight rates on interstate traffic and if found to be unjust or discriminatory, to request the railroads affected to revise the tariffs, and in case of failure, to petition the interstate commerce commission for relief. This is the only section in the act which refers expressly to interstate commerce; and in view of the legislative construction in Sec. 2a of the act and the doubt and conflict that exists as to the limit of state jurisdiction, we may fairly assume that the power conferred in Sec. 21 is the only authority intended to be conferred upon the state railroad commission as to interstate commerce or the facilities and instrumentalities employed therein; and that all other grants of power contained in the act are to be confined to state commerce.

The attorney-general argues that cars are often ordered or furnished without definite knowledge or intention as to consignee or place of destination, and that an important field for regulation might thus be left open and free from control by either state or federal commission. This question, however, is not before us in the present record.

Franklin County.

The injunction allowed by the court below restrains the commission only as to car service so far as it affects interstate shipments. Until interstate commerce is in some way impressed upon the instrumentality sought to be controlled or regulated, the injunction does not apply. The only question here is as to whether the state railroad commission can enforce its rules as to cars which have been impressed as instrumentalities of interstate commerce.

It, therefore, follows that in the opinion of this court, the state railroad commission had no power under the act creating it to enforce car service or demurrage rules as to cars employed in interstate commerce.

In this view, it is not necessary to discuss or express an opinion as to the constitutionality of an act conferring such power upon a state railroad commission.

The injunction in the court below was, therefore, properly awarded, restraining the commission from the enforcement of its rules as to car service and demurrage so far as affecting interstate commerce; and the judgment is, therefore, affirmed.

**Sullivan** and **Dustin, JJ.,** concur.